UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANGELA MONTAGNA,<br>          Plaintiff<br>     v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>          Defendant | ) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiff, ANGELA MONTAGNA ("MONTAGNA"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  MONTAGNA brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. MONTAGNA was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the Commonwealth of Massachusetts.

1

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Commonwealth of Massachusetts and "may be found" in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MONTAGNA by PRUDENTIAL.

6. MONTAGNA was at all times material an employee of Elekta Holdings U.S., Inc. ("ELEKTA").

7. MONTAGNA was at all times material a plan participant under the ELEKTA Benefit Plan, Group Policy No. G-52184-GA (the "LTD Plan") which is established by ELEKTA and pursuant to which MONTAGNA is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and was appointed by ELEKTA, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, MONTAGNA is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan

12. As it relates to MONTAGNA'S claim, the Policy states, in relevant part, as follows:

    *You are disabled when Prudential determines that:*

    - *You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and*
    - *You are under the regular care of a doctor; and*
    - *You have a 20% or more loss in your monthly earnings due to that sickness or injury.*

    *After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*

    - *You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience; and*
    - *You are under the regular care of a doctor.*

    *The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

13. Since approximately December 8, 2017 MONTAGNA has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, MONTAGNA made a claim to PRUDENTIAL under the LTD Plan for disability benefit, which PRUDENTIAL initially approved following the elimination period, and paid through May 31, 2019.

15. By letter dated June 24, 2019 PRUDENTIAL notified MONTAGNA of their decision to deny her LTD benefits.

16. By letter dated November 18, 2019 MONTAGNA timely appealed PRUDENTIAL'S adverse benefit determination.

17. By letter dated February 4, 2020 PRUDENTIAL affirmed their decision to deny MONTAGNA's LTD benefits

18. By letter dated August 31, 2020 MONTAGNA again timely appealed PRUDENTIAL'S adverse benefit determination.

19. By letter dated February 5, 2021 PRUDENTIAL again affirmed their decision to deny MONTAGNA's LTD benefits.

20. At all relevant times, MONTAGNA complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all relevant times, as a result of sickness or injury, MONTAGNA has been unable to perform the important duties of her regular occupation with ELEKTA or any gainful occupation for which she was reasonably qualified.

22. At all relevant times, MONTAGNA has been under the regular care of a doctor.

23. At all relevant times, MONTAGNA was a Covered Person under the LTD Plan.

24. From June 1, 2019 to the present date, MONTAGNA has not received benefits owed to her under the LTD Plan, despite MONTAGNA's right to these benefits.

25. At all relevant times, PRUDENTIAL was the payer of benefits.

26. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, PRUDENTIAL was the Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, MONTAGNA has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

29. MONTAGNA has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. MONTAGNA incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), MONTAGNA, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. MONTAGNA has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL'S failure to pay her disability benefits.

34. MONTAGNA has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to MONTAGNA at a time when PRUDENTIAL knew, or should have known, that MONTAGNA was entitled to those benefits under the terms of the LTD Plan, as MONTAGNA was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of MONTAGNA's claim for LTD benefits;

    (c) After MONTAGNA's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to MONTAGNA any additional material or information necessary for MONTAGNA to perfect her claim, along with an explanation of why such material is or was necessary.

    (d) PRUDENTIAL failed to properly and adequately investigate the merits of MONTAGNA's disability claim and failed to provide a full and fair review of MONTAGNA's claim.

36. MONTAGNA believes and thereon alleges that PRUDENTIAL wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which

MONTAGNA is presently unaware, but which may be discovered in this future litigation and which MONTAGNA will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by MONTAGNA.

37. Following the denial of benefits under the LTD Plan, MONTAGNA exhausted all administrative remedies required under ERISA, and MONTAGNA has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, MONTAGNA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding MONTAGNA's claim for benefits, MONTAGNA, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MONTAGNA is entitled to have such fees and costs paid by PRUDENTIAL.

40. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, MONTAGNA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, ANGELA MONTAGNA prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and

that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 26, 2021

                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Jay P. Symonds*
JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com

GREGORY MICHAEL DELL
BBO No: 677565
Email: gdell@diattorney.com